## CIRCUIT COURT OF THE CITY OF RICHMOND

Burroughs Corp.

v.

Overnite Transportation Co.

February 10, 1976

Case No. 7988

By JUDGE RICHARD L. WILLIAMS

This matter is before the court on plaintiff's motion to reconsider an adverse judgment entered against it on December 17, 1975, that was vacated by an order entered on January 6, 1976. After further consideration of the evidence, oral argument, supplemental memoranda, and applicable authorities, I have concluded that my original decision was wrong and that judgment should be entered for the plaintiff in the amount of $7,119.01. Plaintiff's request for attorney's fees is denied.

The pivotal question is whether plaintiff complied with § 2(b) of the Uniform Straight Bill of Lading (Plaintiff's Exhibit 11), which reads in part:

> As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, or carrier in possession of the property when the loss, damage, injury or delay occurred, within nine months after delivery of the property. . . .

518

Germane evidence relating to this issue begins with defendant's driver's acknowledgment of damage on July 6, 1973, the date of his delivery, by his signature on the shipping order (Plaintiff's Exhibit 1) on the face of which some identification of the damaged items is listed. This was followed by a formal undated notice of claim by plaintiff's administrative manager (Plaintiff's Exhibit 5). This notice in writing had to be received by defendant before July 25, 1973, as it was acknowledged by defendant's office supervisor on that date (Plaintiff's Exhibit 6). Thereafter, defendant's representative visited plaintiff's place of business, viewed the damaged items, identified them by make, number and kind, and reported to the defendant that no costs estimates were then available (Plaintiff's Exhibit 7), (August 20, 1973). Precise cost detail of plaintiff's claim was not received by defendant until April 9, 1974, more than nine months after delivery of the damaged goods. But, as I view the evidence and the authorities, particularly *Loveless* v. *Universal Carloading & Dist. Co.*, 225 F.2d 637 (10th Cir. 1955), this was a mere detail needed to process a claim that had previously been made in writing sometime in July, 1973, a matter of days after the loss occurred (Plaintiff's Exhibit 5).

Since plaintiff's proof showed that the goods in question were delivered to defendant in an undamaged state and received in a damaged state, and the defendant failed to offer any exculpatory evidence on how the damage occurred, liability is not an issue.